**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.J. OLIVER,<br><br>                Plaintiff,<br>  vs.<br><br>IN-N-OUT BURGERS, a California Corporation doing business as In-N-Out #57,<br><br>                Defendant. | CASE NO. 12-CV-767-H (DHB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES**<br><br>[Doc. No. 70] |

On April 10, 2013, Defendant In-N-Out Burgers ("In-N-Out") filed a motion for sanctions and attorney's fees. (Doc. No. 70.) On April 29, 2013, Plaintiff A.J. Oliver filed a response in opposition to In-N-Out's motion. (Doc. No. 78.) On May 6, 2013, In-N-Out filed its reply. (Doc. No. 81.) On May 8, 2013, Plaintiff filed objections to In-N-Out's reply. (Doc. No. 84.) On May 7, 2013, the Court took the matter under submission. (Doc. No. 83.) For the reasons below, the Court denies In-N-Out's motion for sanctions and attorney's fees.

**Background**

Plaintiff suffered a stroke 13 years ago and requires the use of a motorized wheelchair. (Doc. No. 28 ¶ 8.) Plaintiff alleges that he encountered several barriers

1  at Defendant's restaurant that interfered with his ability to use and enjoy the amenities
2  that were offered at the facility. (Id. ¶¶ 11-12.)

3  On March 30, 2012, Plaintiff filed a complaint against In-N-Out. (Doc. No. 1.)
4  On October 24, 2012, Plaintiff filed a first amended complaint ("FAC") against In-N-
5  Out alleging causes of action for: (1) violation of the Americans with Disabilities Act
6  of 1990 ("ADA"); (2) violation of the California Disabled Persons Act ("CDPA"),
7  California Civil Code § 54; (3) violation of the Unruh Civil Rights Act ("the Unruh
8  Act"), California Civil Code § 51; and (4) denial of full and equal access to public
9  facilities, in violation of the California Health and Safety Code. (Doc. No. 28.)

10  On October 16, 2012, In-N-Out filed a motion for an order to show cause as to
11  why sanctions should not be imposed on Plaintiff and his counsel. (Doc. No. 23.) In
12  the motion, In-N-Out argued that Plaintiff had committed perjury and his counsel
13  promoted his perjury. (Id. at 15-21.) Specifically, In-N-Out explained that Plaintiff
14  stated in his complaint, in his discovery responses, and at his deposition that he visited
15  the restaurant at issue on March 29, 2012, and produced in response to discovery
16  requests a receipt from the restaurant for that date. (Id. at 1-5.) In-N-Out stated that
17  surveillance video evidence shows that Plaintiff was not the person that obtained the
18  receipt from the restaurant on March 29, 2012. (Id. at 5-6.) In-N-Out contended,
19  therefore, that sanctions were appropriate. (Id. at 2, 10-15.)

20  In response, Plaintiff argued that his misstatements did not amount to perjury and
21  that he mistakenly produced the March 29, 2012 receipt. (Doc. No. 29 at 2-3.)
22  Plaintiff also stated that he had previously suffered a stroke and that he may have issues
23  remembering the exact date he visited the restaurant. (Id. at 2.) In addition, Plaintiff
24  explained that once his counsel realized Plaintiff's mistake, Plaintiff's counsel offered
25  to dismiss the action or allow Defendant to take an additional deposition of Plaintiff.
26  (Id. at 2-5.)

27  On November 26, 2012, the Court denied without prejudice In-N-Out's motion
28  for an order to show cause. (Doc. No. 34.) The Court concluded that In-N-Out had

failed to establish that Plaintiff committed perjury, and that Plaintiff's counsel was aware of the alleged perjury and promoted the perjury. (Id. at 2.) The Court stated that In-N-Out could continue to engage in discovery to support its allegations. (Id.) Since that Order, the Magistrate Judge quashed Plaintiff's subpoena for a witness, Doug Hubbard, on procedural grounds because it was issued by the wrong court. (Doc. No. 45 at 4-5.) In-N-Out was later unable to serve another subpoena on the witness. (Doc. No. 66 at 4.)

On March 7, 2013, Plaintiff filed a motion to dismiss the action for lack of subject matter jurisdiction due to lack of standing. (Doc. No. 49.) Along with his motion to dismiss, Plaintiff filed the declaration of Scottlynn Hubbard under ex parte seal detailing the circumstances that were the basis for his motion to dismiss. (Doc. No. 51.) On March 25, 2013, In-N-Out filed an opposition to Plaintiff's motion, arguing that the Court should deny the motion and sanction Plaintiff's counsel for its alleged fraudulent misrepresentations pursuant to 28 U.S.C. § 1927, Federal Rules of Civil Procedure 11 and 26, and the Court's inherent powers. (Doc. No. 66.) On March 26, 2013, the Court granted Plaintiff's motion to dismiss, and on March 27, 2013, the Court entered judgment in favor of In-N-Out and against Plaintiff. (Doc. Nos. 68, 69.)

## Discussion

### I. In-N-Out's Motion for Sanctions

In-N-Out for the third time requests that the Court sanction Plaintiff and his counsel pursuant to 28 U.S.C. § 1927, the Court's inherent powers, and Federal Rules of Civil Procedure 11 and 26(g). (Doc. No. 70; see also Doc. Nos. 23, 66.)

28 U.S.C. § 1927 provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions must be supported by a finding of bad faith or recklessness. Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1219 (9th Cir. 2010). In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir.

1996). "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Id. The bad faith requirement sets a high threshold. Primus Auto. Fin. Servs. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997). Sanctions pursuant to section 1927 are also available for "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).

Federal courts also have inherent power to impose sanctions against attorneys and parties for bad faith conduct in litigation. See Chambers v. NASCO, 501 U.S. 32, 43 (1991). Before a court may award sanctions under its inherent powers, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith. Mendez v. County of San Bernardino, 540 F.3d 1109, 1131 (9th Cir. 2008); see also Primus, 115 F.3d at 648 (explaining that a finding of bad faith is critical when a party requests that the Court use its inherent powers to engage in fee-shifting). "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).

Federal Rule of Civil Procedure 11(b)(3) provides that, by submitting a paper to the court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Rule 11(c) provides for the imposition of sanctions for a violation of Rule 11(b). Therefore, a district court may impose Rule 11 sanctions if a party files a paper with the court for an improper purpose, or if the filing is frivolous. G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). This inquiry is determined by using an objective standard at the time the paper was filed. Id.; Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988).

Federal Rule of Civil Procedure 26(g)(3) provides every discovery response must be signed by an attorney of record certifying "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry [the discovery response is] not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ." Rule 26(g)(3) provides that if a certification "violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." See Brock v. County of Napa, 2012 U.S. Dist. LEXIS 98579, at *11-13 (N.D. Cal. Jul. 16, 2012).

Sanctions pursuant to the above provisions are "'an extraordinary remedy, one to be exercised with extreme caution.'" Keegan, 78 F.3d at 437. District courts enjoy much discretion in determining whether and how much sanctions are appropriate. Haynes v. City & Cnty. of San Francisco, 688 F.3d 984, 987 (9th Cir. 2013). Therefore, a district court's determination of whether to enter sanctions is reviewed for abuse of discretion. See Lahiri, 606 F.3d at 1218.

Exercising its sound discretion, the Court declines to sanction Plaintiff or his counsel. In-N-Out alleges that Plaintiff and his counsel falsified evidence and made fraudulent misrepresentations regarding Plaintiff's visit to the restaurant at issue, and argues, therefore, that Plaintiff and his counsel should be sanctioned.[1] (Doc. No. 70 at 13-19.) The Court has reviewed the entire record in this case and concludes that In-N-Out has failed to establish that Plaintiff and his counsel made fraudulent misrepresentations or falsified evidence. In-N-Out has failed to properly establish a connection between the man in the video who obtained the receipt and Plaintiff or his

---

[1] To support its motion for sanctions, In-N-Out attempts to rely on Plaintiff's counsel's actions in other cases. (Doc. No. 70 at 1, 6-7; Doc. No. 81 at 4-6.) Plaintiff filed objections to In-N-Out's statements about the other cases. (Doc. No. 84.) The Court may only sanction a party based on activities that occurred in the case before the district court. See GRiD Sys. Corp. v. John Fluke Mfg. Co., 41 F.3d 1318, 1319 (9th Cir. 1994). Therefore, the Court does not consider In-N-Out's arguments related to Plaintiff's counsel's activities in other cases, and Plaintiff's objections are moot.

counsel.[2] In its motion, In-N-Out speculates that the man in the video and Plaintiff's counsel worked together to falsify evidence, but In-N-Out offers no actual evidence supporting these allegations. The Court will not sanction a party based on speculation. See Mathis v. County of Lyon, 2012 U.S. Dist. LEXIS 122606, at *5 (D. Nev. Aug. 29, 2012); Stewart v. FBI, 1999 U.S. Dist. LEXIS 18783, at *29 (D. Or. Oct. 8, 1999). Accordingly, the Court declines to find that Plaintiff or his counsel acted recklessly or in bad faith. In addition, Rule 11 and Rule 26(g) sanctions are not appropriate because In-N-Out has failed to establish that the complaint and the discovery responses were objectively frivolous at the time they were filed or served.[3]

In-N-Out also argues that sanctions are appropriate because Plaintiff's counsel continued to litigate this lawsuit for six months after offering to dismiss the action on September 19, 2012. (Doc. No. 70 at 13, 20.) In response, Plaintiff argues that his counsel offered to dismiss the case, but In-N-Out refused Plaintiff's offer and continued to litigate the case. (Doc. No. 78 at 2-3.) In-N-Out does not dispute this or explain why it did not agree to dismiss the action last September. The record shows that In-N-Out made a strategic decision to forgo jointly dismissing the action so that it could pursue its motion for sanctions. Therefore, In-N-Out is not entitled to sanctions simply because the litigation in this action continued for six months after Plaintiff's original offer to dismiss the case. In-N-Out wanted the litigation to continue. Indeed, once Plaintiff did move to dismiss the action, In-N-Out opposed Plaintiff's motion and argued that the motion should be denied so that In-N-Out could conduct additional discovery to support its motion for sanctions. (Doc. No. 66.) Accordingly, after consideration of In-N-Out's arguments and the record in this case,

---

[2] In its briefing, In-N-Out refers to the person, Doug Hubbard, as an employee of Plaintiff's counsel, (Doc. No. 81 at 10), but In-N-Out has failed to present the Court with any evidence supporting this allegation.

[3] Rule 11 sanctions are also inappropriate in this case because In-N-Out has not shown that it complied with Rule 11's safe harbor provision. See Fed. R. Civ. P. 11(c)(2); Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998).

the Court, exercising its sound discretion, declines to sanction Plaintiff or his counsel.

**II.   In-N-Out's Motion for Attorney's Fees**

In-N-Out argues that it is entitled to attorney's fees pursuant to 42 U.S.C. § 12205 of the ADA and California Civil Code § 55. (Doc. No. 70 at 22-25.)

**A.   Attorney's Fees Pursuant to the ADA**

In-N-Out argues that it is entitled to attorney's fees pursuant to 42 U.S.C. § 12205 because Plaintiff's case was frivolous. (Doc. No. 70 at 22-24.) In response, Plaintiff argues that attorney's fees should not be awarded under the ADA because Plaintiff's action was dismissed for lack of standing. (Doc. No. 78 at 10.)

42 U.S.C. § 12205 of the ADA provides that "the court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee[.]" The Ninth Circuit has held that attorney's fees should be granted to a defendant in an ADA case only "'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" Summers v. A. Teichert & Son, 127 F.3d 1150, 1154 (9th Cir. 1997); accord Brown v. Lucky Stores, 246 F.3d 1182, 1190 (9th Cir. 2001).

On March 26, 2013, the Court dismissed the action for lack of standing. (Doc. No. 68.) A court that dismisses an action for lack of jurisdiction due to standing does not have authority to award attorney's fees. See Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir. 2007); Smith v. Brady, 972 F.2d 1095, 1097 (9th Cir. 1992); Harris v. Stonecrest Care Auto Ctr., LLC, 559 F. Supp. 2d 1088, 1090 (S.D. Cal. 2008). Therefore, the Court lacks authority to award In-N-Out attorney's fees under the ADA. Accordingly, the Court denies In-N-Out's motion for attorney's fees pursuant to 42 U.S.C. § 12205.

**B.   Attorney's Fees Pursuant to California Civil Code § 55**

In-N-Out argues that it is entitled to attorney's fees pursuant to California Civil Code § 55 because it is the prevailing party on Plaintiff's CDPA claim. (Doc. No. 70 at 24-25.) In response, Plaintiff argues that attorney's fees may only be awarded pursuant to section 55 if the Court finds that the lawsuit was frivolous. (Doc. No. 78

at 11.)

California Civil Code § 55 provides that "[t]he prevailing party in [an action brought under the CDPA] shall be entitled to recover reasonable attorney's fees." The California Supreme Court has held that section 55 mandates an award of attorney's fees to the prevailing party in all CDPA actions.[4] See Jankey v. Lee, 55 Cal. 4th 1038, 1045-46 (2012). Because section 55 makes fee-shifting mandatory in all cases even when the plaintiff's claim is deemed non-frivolous, the Ninth Circuit in Hubbard v. SoBreck, LLC held that federal law preempts section 55. 554 F.3d 742, 745-47 (9th Cir. 2009). Specifically, the Ninth Circuit held "to the extent that Section 55 does authorize the award of fees to a prevailing defendant on nonfrivolous CDPA state claims that parallel nonfrivolous ADA claims, there is a conflict and the ADA preempts Section 55 of the CDPA." Id. at 747. Therefore, a federal district court may not impose fees pursuant to section 55 unless the court determines that the plaintiff's action was frivolous. See id. at 747.

In-N-Out argues that a fee award pursuant section 55 does not require a finding of frivolousness, relying on the California Supreme Court's decision in Jankey. (Doc. No. 81 at 9.) In Jankey, the California Supreme Court disagreed with the Ninth Circuit's decision in Hubbard and held that section 55 is not preempted by federal law. See Jankey, 55 Cal. 4th at 1053-56. In-N-Out argues that the California Supreme Court is the supreme authority on the interpretation of California state statutes, and, therefore, the Court must follow its holding in Jankey. (Doc. No. 81 at 9.) The Court disagrees. California Civil Code § 55 may be a state statute, but whether a state statute is preempted by federal law is a question of federal law. See Local Union 598 v. J.A.

---

[4] Unlike federal law, under California law, a court may award fees and costs to the prevailing party even if the action is dismissed for lack of subject matter jurisdiction. See Brown v. Desert Christian Center, 193 Cal. App. 4th 733, 740 (2011); State of Cal. ex rel. Standard Elevator Co., Inc. v. West Bay Builders, Inc., 197 Cal. App. 4th 963, 979 (2011) ("Even where a dismissal is deemed jurisdictional, a court may determine matters ancillary to the underlying action such as costs and attorney fees.").

Jones Construction Co., 846 F.2d 1213, 1218 (9th Cir. 1988) ("Preemption is a question of federal law . . . ."). Therefore, the Court is bound by the Ninth Circuit's decision in Hubbard. See Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own circuit."); see also, e.g., Gorton v. Wells Fargo Bank NA, 2012 U.S. Dist. LEXIS 168158, at *16 (Nov. 27, 2012) (holding that federal district courts are not bound by preemption determinations made by California state courts); Quevedo v. Macy's, Inc., 2011 U.S. Dist. LEXIS 151464, at *9-10 (C.D. Cal. Oct. 31, 2011) (same).

After a careful review of the record, the Court declines to find that Plaintiff's action was frivolous, unreasonable, or without foundation. See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421-22 (1978) ("[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."). Accordingly, the Court denies In-N-Out's motion for attorney's fees pursuant to California Civil Code § 55.

## Conclusion

For the reasons above, the Court denies In-N-Out's motion for sanctions and attorney's fees.

**IT IS SO ORDERED.**

DATED: May 10, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT